**MATTHEW PAPPAS** (SBN: 171860)
**CHARLES SCHURTER** (SBN: 174261)
22762 Aspan Street, Suite 202-107
Lake Forest, CA  92630
Phone:  (949) 382-1485
Facsimile: (949) 242-2605

**LEE H. DURST** (SBN: 69704)
220 Newport Ctr. Dr., Suite 11285
Newport Beach, CA  92660
Phone:  (949) 400-5068
Facsimile: (949) 242-2096

Attorneys for Plaintiff,
DORIAN BROOKS

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN BROOKS, an individual,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF LONG BEACH, a California municipal corporation;  DAVID PAUL STROHMAN; JASON M. KIRK; KALID ABUHADWAN; FRANCISCO VASQUEZ; MARTIN RON; DONALD GREGORY MAUK; MICHAEL DOMENIC PENNINO; TIMOTHY MARK LONG; JERRY M. GIBBS; LEE DAVID DEBRABANDER; OSCAR ALBERTO VALENZUELA; JAMES McDONNELL; and DOES 1 to 10,<br><br>           Defendants. | No.:   **SACV 13 - 00478 AG (JPRx)**<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS (42 U.S.C. §§ 1981, 1983, & 1988)** |

## JURISDICTION AND VENUE

1.   Plaintiff seeks relief for violations of the United States Constitution and damages sought under 42 U.S.C. §§ 1981, 1983, and 1988.  This court has subject matter jurisdiction pursuant to  28  U.S.C.  §§  1331,  1338,  and  42  U.S.C.  §  1988.    The  state  law

1  Claims are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2      2.     Venue is proper in this Judicial District because this is where the injury

3  occurred and where the defendants are employed.

4                    **INTRODUCTORY STATEMENT**

5      3.     This lawsuit arises out of Defendants' imposition of summary punishment

6  and use of excessive force.  It also arises out of the Defendants' decision to treat similarly

7  situated disabled and/or African American individuals differently when engaging in illegal

8  raids and attacks under color of an invalid law.

9                    **STATUTORY PROVISIONS**

10     4.     Title 42 U.S.C. § 1983, the Civil Rights Act of 1871 (SEC. 1983), provides

11  that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage,

12  of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

13  citizen of the United States or other person within the jurisdiction thereof to the deprivation of

14  any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

15  the party injured in an action at law, suit in equity, or other proper proceeding for redress."

16     5.     Title 42 U.S.C. § 1981 (SEC. 1981) provides that, "[a]ll persons within the

17  jurisdiction of the United States shall have the same right in every State and Territory to make

18  and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all

19  laws and proceedings for the security of persons and property as is enjoyed by white citizens,

20  and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of

21  every kind, and to no other."

22     6.     Cal. Civil Code § 54(c), the California Disabled Persons Act (CDPA),

23  prohibits laws, rules, policies, procedures, and actions by state, county, and city governments

24  that facially or through disparate impact discriminate against qualified disabled individuals.

25     7.     Cal. Civil Code § 51(f), part of the Jesse Unruh Civil Rights Act (UNRUH),

26  prohibits laws, rules, policies, procedures, and actions by state, county, and city governments

27  that facially or through disparate impact discriminate against qualified disabled individuals.

28

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1    8.    Cal. Civil Code § 52(a) provides, "[w]hoever denies, aids or incites a denial,
2  or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for
3  each and every offense for the actual damages, and any amount that may be determined by a
4  jury, or a court sitting without a jury, up to a maximum of three times the amount of actual
5  damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that
6  may be determined by the court in addition thereto, suffered by any person denied the rights
7  provided in Section 51, 51.5, or 51.6."

8    9.    Cal. Civil Code § 52.1, the Tom Bane Civil Rights Act (BANE), provides
9  that "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or
10 laws of the United States, or of rights secured by the Constitution or laws of this state, has
11 been interfered with, or attempted to be interfered with … may institute and prosecute … a
12 civil action for damages."

13    10.    Cal. Const., Article 1, § 7, sub. (a) in-part provides, "[a] person may not be
14 deprived of life, liberty, or property without due process of law or denied equal protection of
15 the laws;"

16    11.    Long Beach City Charter (LBCC), art. 2, § 210 in-part provides, "[n]o
17 ordinance shall be placed upon its final passage upon the same day it has been introduced,
18 except emergency measures as provided in this Charter … No ordinance passed by the City
19 Council shall go into effect before the expiration of thirty days from the time of its final
20 passage, except … emergency ordinances."

21    12.    Long Beach City Charter (LBCC), art. 2, § 211 provides, "[t]he City Council
22 may, by vote of five of its members, pass emergency ordinances for the immediate
23 preservation of the public peace, health and safety, to take effect at the time indicated therein.
24 Emergency ordinances shall contain a separate section in which the emergency is particularly
25 set forth and defined. A separate roll call on the question of the emergency shall be taken.
26 Ordinances appropriating money may be passed as emergency ordinances."

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

13.     Long Beach Municipal Code (LBMC) Chapter 5.89 prohibits all medical marijuana dispensaries, patient collectives with more than three (3) patients, and medical cannabis cultivation sites in the City of Long Beach.

### PARTIES

14.     Plaintiff DORIAN BROOKS (BROOKS) is a citizen of the United States of America who resides in Los Angeles County, California.  He suffers from physical and mental conditions that limit a major life activity and is a disabled person as defined in Cal. Gov't Code §§ 12926 and 12926.1.  BROOKS is African American.

15.     Defendant CITY OF LONG BEACH (CITY) is a municipal corporation operating as a Charter City under art. XI, sec. 7 of the California constitution.

16.     Defendants DAVID PAUL STROHMAN (STROHMAN), JASON M. KIRK (KIRK), KALID ABUHADWAN (ABUHADWAN), FRANCISCO VASQUEZ (VASQUEZ), MARTIN RON (RON), DONALD GREGORY MAUK (MAUK), MICHAEL DOMENIC PENNINO (PENNINO), JERRY M. GIBBS (GIBBS), TIMOTHY MARK LONG (LONG), LEE DAVID DEBRABANDER (DEBRABANDER); OSCAR ALBERTO VALENZUELA (VALENZUELA) and JAMES McDONNELL (McDONNELL) are each individuals employed as police officers by the CITY's police department.

17.     Defendant McDONNELL is, and at all times mentioned in this Complaint was, the Chief of the Long Beach Police Department (LBPD), a division of CITY. McDONNELL was responsible for the administration of the LBPD and the supervision, training, and hiring of persons working within the LBPD, including peace officers and specifically including Defendants STROHMAN, KIRK, ABUHADWAN, VASQUEZ, RON, MAUK, PENNINO, GIBBS, VALENZUELA, DEBRABANDER, and LONG.  Plaintiff is informed and believes and based upon such information and belief alleges that at all relevant times, defendant McDONNELL was responsible for supervising all officers and for maintaining and implementing the policies regarding the use of force, including, but not limited to, proper arrest and detainment procedures. As such, McDONNELL is one of the

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1  persons responsible for Plaintiff's damages. Defendant McDONNELL is sued in both his
2  individual and official capacity.

3      18.   Plaintiff is informed and believes and based upon such information and belief
4  alleges that at all relevant times Defendants STROHMAN, KIRK, ABUHADWAN,
5  VASQUEZ, RON, MAUK, PENNINO, GIBBS, VALENZUELA, DEBRABANDER,
6  LONG, and McDONNELL were employees of CITY and/or the LBPD.

7      19.   Plaintiff is informed and believes and based upon such information and belief
8  alleges that Defendants STROHMAN, KIRK, ABUHADWAN, VASQUEZ, RON, MAUK,
9  PENNINO, GIBBS, VALENZUELA, DEBRABANDER, and LONG (POLICE OFFICER
10 DEFENDANTS) acted in concert with one another, pursuant to an agreement, to deprive
11 Plaintiff of rights protected by the state and federal law and the state and federal constitutions.

12     20.   Plaintiff is informed and believes and based upon such information and belief
13 alleges that Defendants ABUHADWAN, RON, PENNINO, and GIBBS (ASSAULTING
14 OFFICERS) were the officers who, on June 19, 2012, assaulted and battered Plaintiff
15 BROOKS using excessive force and are the officers shown in photographs included as Ex. 1
16 of this Complaint.

17     21.   Plaintiff is informed and believes and based upon such information and belief
18 alleges that Defendant STROHMAN was the officer in-charge on June 19, 2012 at the time
19 the events complained of herein took place and that Defendant STROHMAN in-part directed
20 and supervised ABUHADWAN, VASQUEZ, RON, MAUK, PENNINO, GIBBS, and LONG
21 at that time.

22     22.   Plaintiff is informed and believes and based upon such information and belief
23 alleges that on June 19, 2012 Defendants MAUK, PENNINO, VALENZUELA, and
24 DEBRABANDER (RANKING OFFICERS) each: a) held a rank higher than the other
25 POLICE OFFICER DEFENANTS; b) were present when the ASSAULTING OFFICERS
26 violated the rights of Plaintiff BROOKS; c) had a duty to intervene and stop the violation of
27 BROOK's rights; and d) failed to stop the violation of BROOK's rights.

28

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1    23.    Plaintiff is ignorant of the true identities and capacities of Defendants DOES
2    1 to10 and for that reason sues those Defendants by such fictitious names. Plaintiff is
3    informed and believes and based upon such information and belief alleges that each of the
4    fictitiously named Defendants is in some manner and to some extent liable for the injuries
5    alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true
6    identities and capacities of these fictitiously named Defendants when they are ascertained.

7    24.    Plaintiff is informed and believes and based upon such information and belief
8    alleges that each Defendant is, and at all times mentioned was, the agent, employee,
9    representative, successor and/or assignee of each other Defendant. Each Defendant, in doing
10   the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his
11   or her actual or apparent authority, or the alleged acts and omissions of each Defendant as
12   agent subsequently were ratified and adopted by each other Defendant as principal. All
13   individual Defendants acted or failed to act in the face of an obligation to do otherwise, and
14   did so maliciously and with reckless and callous disregard for Plaintiff's rights and, thus, are
15   liable for punitive damages. The Defendant officers were engaged in a conspiracy to violate
16   Plaintiff's constitutional rights and were acting as co-conspirators with this aim in mind. If
17   Defendants are not restrained from continuing their unconstitutional and unlawful actions,
18   Plaintiff is threatened with irreparable injury in that they may be subjected to the same
19   unconstitutional and unlawful treatment in the future.  Accordingly the issuance of injunctive
20   relief is appropriate.

21   25.    Plaintiff is informed and believes and based upon such information and belief
22   alleges that all Defendants, at all times relevant to the allegations herein, acted under the color
23   of state law and are sued in their individual capacities except with respect to Plaintiff's CDPA
24   (Cal. Civ. Code § 54(c) as that section incorporates the protections of Title II of the ADA as a
25   separate and distinct state claim), which is against CITY and the LBPD.

26   26.    In committing the acts alleged in this complaint, Defendants acted
27   knowingly, maliciously, and with reckless or callous disregard for Plaintiff's constitutional
28

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1 | rights. As such, an award of punitive damages under federal and California law against each
2 | individual Defendant is justified.

3 |     27. Defendants are not entitled to qualified immunity for their conduct as set
4 | forth in this Complaint.

5 | **CALIFORNIA GOVERNMENT CLAIM ACT**

6 |     28. Plaintiff complied or substantially complied with Cal. Gov't Claim Act (Cal.
7 | Gov't Code §§ 900, *et seq.*) requirements by submitting to Defendant CITY, on July 5, 2012,
8 | a written claim on CITY's official claim form (CLAIM). The CLAIM includes a file stamp
9 | showing the date it was received by CITY. A true and correct copy of the CLAIM is included
10 | with this Complaint as Ex. 2.

11 |     29. On February 7, 2013, CITY sent a letter denying Plaintiff's CLAIM (CLAIM
12 | DENIAL). The CLAIM was assigned number 13-0064 by CITY. A true and correct copy of
13 | the CLAIM DENIAL is included with this Complaint as Ex. 3.

14 |     30. No notice of claim insufficiency under Cal. Gov't Code § 910.8 was sent,
15 | delivered, or otherwise served by CITY during the first 20-days of the 45-day period
16 | specified in Cal. Gov't Code § 911.6.

17 |     31. No notice of claim insufficiency under Cal. Gov't Code § 910.8 was sent,
18 | delivered, or otherwise served by CITY during the 45-day period specified in Cal. Gov't
19 | Code § 911.6.

20 |     32. The claim letter presented by Plaintiff included sufficient information to give
21 | the Defendants timely notice of the nature of the Plaintiff's claims so that they could
22 | investigate and settle those having merit. See *Connelly v. County of Fresno*, 52 Cal.Rptr.3d
23 | 720, 727 (2006); *Santee v. Santa Clara County Office of Education*, 220 Cal.App.3d 702, 713
24 | (1990); Cal. Gov't Code § 911.

25 |     33. The claims brought under Title 42 of the United States Code are not subject
26 | to the requirements of the Cal. Gov't Claim Act. See *Javor v. Taggart*, 120 Cal.Rptr.2d 174,
27 | 180 (2002); See also *Williams v. Horvath*,16 Cal.3d 834, 842 (1976).

28 |     34.

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1

**LBMC CHAPTER 5.89**

2          35.     On or around March 23, 2010, the Long Beach City Council enacted Long

3    Beach Municipal Code (LBMC) Chap. 5.87 to regulate medical cannabis collectives.

4          36.     On October 4, 2011, the Second District California Court of Appeal struck

5    down just the permit fee and permit lottery provisions of LBMC Chap. 5.87 and held that the

6    vast majority of Chap. 5.87's regulatory provisions, including but not limited to provisions

7    controlling spacing, time of operation, operational requirements, location, and manner of

8    operation, were severable or could be easily modified to remain valid.  *Pack v. Superior*

9    *Court*, 199 Cal. App. 4th 1070 (rev. grant. 1/18/2012; rev. dismissed 8/22/2012) (2011).  The

10   City of Long Beach, prior to remittitur issuing in that case, repealed Chapter 5.97 on February

11   14, 2012.

12         37.     On February 14, 2012, the Long Beach City Council enacted, as emergency

13   legislation under LBCC art. II, § 211, Long Beach Municipal Code Chap. 5.89 banning

14   medical cannabis dispensaries, collectives, and cultivation sites.

15         38.     The statement in LBMC Chap. 5.89 purportedly setting forth with

16   particularity the emergency circumstances as required by LBCC art. II, § 211 was insufficient

17   as a matter of law. Accordingly, LBMC Chap. 5.89 was enacted in contravention of LBCC

18   art. II, §§ 210 & 211 and is void.

19         39.     The "emergency" cited in LBMC Chap. 5.89 was insufficient both factually

20   and legally under LBCC art. II, § 211 and applicable California decisional law.  *San Christina*

21   *Inv. Co. v. City and County of San Francisco*, 167 Cal. 762, 141 Pac. 384 (1914); *San*

22   *Francisco Fire Fighters Local 798 v. City and County of San Francisco*, 23 Cal.Rptr.3d 364

23   (2005). Accordingly, LBMC Chap. 5.89 was enacted in contravention of LBCC art. II, §§

24   210 & 211 and is void.

25         40.     LBMC Chap. 5.89 targets patients prescribed medical marijuana by a

26   licensed California physician each of whom are qualified disabled individuals under

27   California law and treats those patients operating together as a dispensary or collective

28   differently than comparable uses in contravention of the CDPA and UNRUH. Accordingly,

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST. #D02-107
LAKE FOREST, CA 92630 • (949) 382-1485

1  LBMC Chap. 5.89 is discriminatory in violation of the CDPA and UNRUH section 51(f) and
2  is void.

3                        **COMMON FACTUAL ALLEGATIONS**

4        41.    Plaintiff BROOKS suffers from mental and physical medical conditions for
5  which his licensed California doctor prescribed him medical marijuana. Prior to the incident
6  on June 19, 2012, BROOKS had not been arrested for or convicted of a crime.

7        42.    Pursuant to California law, in early-2012 BROOKS joined a medical
8  cannabis patient collective (COLLECTIVE) located at 301 Atlantic Avenue in Long Beach,
9  California.  Cal. Health & Safety Code § 11362.775.  Starting in May, 2012, BROOKS
10  volunteered and did work as a patient MEMBER of COLLECTIVE.

11        43.    To ensure the safety of patients and their authorized caregivers – the only
12  people who were members of COLLECTIVE – COLLECTIVE deployed a Digital Video
13  Recording system (DVR SYSTEM) tied to a series of surveillance cameras (CAMERAS).
14  Because the LBPD had engaged in numerous prior warrantless raids of collectives located in
15  the CITY and had, during those raids, removed and destroyed similar DVR systems and
16  cameras, COLLECTIVE's CAMERAS not only recorded to the main DVR SYSTEM, but
17  also recorded to an off-site secondary system (SECONDARY DVR SYSTEM).

18        44.    At approximately 1:10 p.m. on Tuesday, June 19, 2012, the POLICE
19  OFFICER DEFENDANTS broke down COLLECTIVE's exterior door and conducted a raid
20  (RAID) of COLLECTIVE.

21        45.    At approximately 1:16 p.m., the ASSAULTING OFFICERS, with guns
22  drawn, approached Plaintiff BROOKS and ordered him to the ground. Complying fully with
23  the officers' commands, BROOKS laid on the ground. Without provocation or any resistance
24  by BROOKS, one of the ASSAULTING OFFICERS walked-on BROOKS' back stepping
25  onto BROOKS' neck applying his entire weight.  Another one of the ASSUALTING
26  OFFICERS then pulled BROOKS' arm and applied weight using the full force of his body
27  onto BROOKS' back. Handcuffs were then placed on BROOKS.

28

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1    46.    While they were stepping on and assaulting BROOKS, several of the officers
2 made comments when BROOKS yelled out in pain including, "you're a black drug dealer –
3 you should be used to this."

4    47.    After the handcuffs had been placed on BROOKS and while BROOKS was
5 still on the floor, one of the ASSAULTING OFFICERS noticed there was a surveillance
6 camera recording their actions and pointed the camera out to the other ASSAULTING
7 OFFICERS.  Thereafter, because the surveillance camera was positioned near the ceiling of
8 the room, one of the POLICE OFFICER DEFENDANTS took a large metal pole and began
9 violently striking the camera.

10    48.    As the officer destroyed the camera with the metal pole, it crashed to the
11 ground hitting BROOKS, who was positioned below the camera, along with dust and material
12 from the ceiling and wall area.  BROOKS cried out as the falling materials hit him to which
13 one of the officers responded, "shut up you dumb nigger."

14    49.    The handcuffs that had been placed on BROOKS were very tight and when
15 BROOKS asked one of the ASSAULTING OFFICERS to please loosen the handcuffs, the
16 officer laughed and instead tightened the handcuffs further.

17    50.    BROOKS was taken by one of the ASSAULTING OFFICERS to the patient
18 waiting area of the COLLECTIVE and placed in a chair while in handcuffs.

19    51.    While in the patient waiting area of the COLLECTIVE, other patient
20 members who had been volunteering and working at the COLLECTIVE during the raid, were
21 brought up at different times and placed in chairs.  Two (2) of the individuals who had been
22 arrested and placed in the waiting area were Latino.  One (1) of the two (2) Latino detainees
23 was overweight.  Another two (2) detainees were Caucasian.

24    52.    While sitting in the chair along with other COLLECTIVE volunteers and
25 workers who had been arrested, one of the ASSAULTING OFFICERS came to the patient
26 waiting area and made racial remarks about BROOKS and the two (2) Latino detainees.  The
27 officer made several racial remarks about the overweight Latino detainee.

28    53.    After sitting in the handcuffs for approximately thirty (30) minutes,

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1  BROOKS began to lose sensation in his hands.  He was also suffering from severe neck and
2  upper back pain following the assault by the officers.  When he asked an officer to please
3  loosen the handcuffs, the officer refused.  However, when one of the Caucasian detainees
4  asked to have his handcuffs loosened, the handcuffs for both Caucasian detainees were
5  removed.

6      54.    BROOKS also told several officers he was in pain and needed medical
7  attention.  The officers refused to assist BROOKS and refused to provide him with any
8  medical attention.

9      55.    During the RAID, officers located, disconnected, and confiscated the DVR
10 SYSTEM.  However, the footage of the attack on BROOKS was captured on the off-site
11 SECONDARY DVR SYSTEM.  The photographs included as Exh. A are true and correct
12 copies of frames from the video footage of the raid.

13     56.    At no point during the raid did Plaintiff try to resist the LBPD officers.
14 Plaintiff simply remained passively limp the entire time to avoid provoking Defendants and
15 because he feared for his physical safety in the face of this unprovoked and excessive use of
16 force by Defendants.

17     57.    After the incident, Plaintiff learned that in addition to the ASSAULTING
18 OFFICERS, the RANKING OFFICERS were also present at the scene of the incident.
19 Plaintiff is informed and believes and based upon such information and belief alleges that
20 each of these officers were in a position to prevent the ASSAULTING OFFICERS from
21 committing the violations alleged in this Complaint and declined to do so, or contributed
22 directly to these violations.

23 //
24 //
25 //
26 //
27 //
28 //

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1

2

3

4

5

6

7

8

9

10

11

12

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **FIRST CAUSE OF ACTION**

## **[42 U.S.C. § 1983; Excessive Force in Violation of Fourth and Fourteenth Amendments; All Defendants]**

58.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55 of this Complaint, as if set forth here in full.

59.     The actions of the Defendants deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Accordingly, Plaintiff claims damages for the violation of these rights under 42 U.S.C. § 1983.

60.     Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, *inter alia*, by subjecting him to excessive and unreasonable force by stepping on his back, stepping with full weight on his neck, causing equipment and debris to fall onto him, and by using unnecessary and unreasonable force to handcuff and arrest him improperly. Defendants had no justification for using any force in this situation.  Defendants violated Plaintiff's constitutional rights by imposing summary punishment on him by stepping on his neck, stepping on his back, and violently attacking him after he was on the ground and complying in every way with the officers' commands.   Summary punishment was also imposed through excessive tightening of handcuffs and continuing threats of violence by the officers.  Defendants further imposed summary punishment after Plaintiff was handcuffed and notwithstanding the fact that he posed no threat to the officers or anyone else by causing a surveillance camera and debris to fall onto him.  Defendants had no justification to use the force that was employed against Plaintiff. In committing these acts, these Defendants acted with intentional and deliberate indifference to Plaintiff's constitutional rights.

61.     As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered bodily injury, humiliation, fear, anxiety, torment, degradation, and emotional distress.

## SECOND CAUSE OF ACTION

### [42 U.S.C. § 1983; Racial Discrimination in Violation of Equal Protection Clause, Fourteenth Amendment, and 42 U.S.C. § 1981; Officer Defendants Only]

62.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55 of this Complaint, as if set forth here in full.

63.     At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

64.     Plaintiff, as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the filing of false charges.

65.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

66.     Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiff with false charges. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

67.     Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff BROOKS' federally protected rights.

68.     The acts or omissions of the POLICE OFFICER DEFENDANTS were moving forces behind Plaintiff's injuries and the POLICE OFFICER DEFENDANTS acted in concert and mutually with each other.

69.     The acts or omissions of the POLICE OFFICER DEFENDANTS as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1   70.   At all times during the actions complained of by Plaintiff, POLICE
2   OFFICER DEFENDANTS were acting pursuant to municipal/county custom, policy,
3   decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining
4   to Plaintiff.

5   71.   As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered
6   actual physical and emotional injuries, and other damages and losses as described herein
7   entitling him to compensatory and special damages, in amounts to be determined at trial. As a
8   further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages,
9   including medically related expenses and may continue to incur further medically and other
10  special damages related expenses, in amounts to be established at trial.

11  72.   On information and belief, Plaintiff may suffer lost future earnings and
12  impaired earnings capacities from the not yet fully ascertained impact and extent of the
13  physical and mental injuries suffered by Plaintiff, in amounts to be ascertained in trial.
14  Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-
15  judgment interest and costs as allowable by federal law.  There may also be special damages
16  for lien interests.

17  73.   In addition to compensatory, economic, consequential and special damages,
18  Plaintiff is entitled to punitive damages against each of the individually named Defendants
19  under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been
20  taken maliciously, willfully and/or with a reckless or wanton disregard of the constitutional
21  and statutory rights of Plaintiff.

22                         **THIRD CAUSE OF ACTION**

23       **[42 U.S.C. § 1983, Deliberately Indifferent Policies, Procedures, Customs,**
         **Training, and Supervision in Violation of First, Fourth, and Fourteenth**
24                **Amendments, City and Police Chief Defendants Only]**
25

26  74.   A Plaintiff incorporates by reference the allegations of Paragraphs 1 through
27  55 of this Complaint, as if set forth here in full.

28

LAW OFFICE OF MATTHEW PAPPAS
22762 Aspan St., #202-107
Lake Forest, CA 92630 • (949) 382-1485

75. This cause of action is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

76. Defendants McDONNELL, STROHMAN, and PENNINO, as well as DOES 1 to 4, inclusive, failed to adequately train, supervise, discipline or in any other way control all of the individually named defendant-officers including ABUHADWAN, VASQUEZ, RON, MAUK, PENNINO, GIBBS, and LONG and DOES 5 to 10, in the exercise of their duties as officers, sergeants, detectives, lieutenants, and/or supervisors. This failure in-part led to the injuries Plaintiff suffered.

77. Plaintiff is informed and believes and thereon alleges that Defendants STROHMAN and PENNINO and the RANKING OFFICER Defendants were the supervisors on the scene when Plaintiff was subjected to excessive force by the ASSAULTING OFFICERS. Defendants STROHMAN and PENNINO and the RANKING OFFICER Defendants failed to intervene, prevent, discipline or otherwise control the subordinate officers on June 19, 2012, or thereafter and are therefore liable to Plaintiff for the injuries he suffered.

78. Plaintiff is further informed and believes and thereon alleges that Defendants McDONNELL and/or DOES 1 to 4 failed to adequately train, supervise, discipline or in any way control the POLICE OFFICER DEFENDANTS despite previous complaints alleging the use of excessive force and other constitutional violations. Indeed, Defendant McDONNELL and/or DOES 1 to 4 should not have hired Defendants STROHMAN, ABUHADWAN and RON given the past history of complaints, of which McDONNELL and/or DOES 1 to 4 were aware, and certainly should not have allowed them to participate in the LBPD raid on June 19, 2012. By hiring Defendants STROHMAN, ABUHADWAN and RON and allowing them to participate on June 19, 2012, Defendants knew or should have known that citizens were likely to be subjected to the excessive use of force by the Defendants.

79. Based on the custom and practice of condoning, tolerating, and ratifying constitutional violations and a failure to adequately train and discipline subordinate officers

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1 who committed constitutional violations, such as the POLICE OFFICER DEFENDANTS,
2 McDONNELL, STROHMAN, the RANKING OFFICERS, and DOES 1 to 4 are liable for
3 constitutional violations committed by the POLICE OFFICER DEFENDANTS for the
4 damages suffered by Plaintiff as set forth herein.

5      80.    The aforementioned acts of the individual defendants McDONNELL and
6 STROHMAN, RANKING OFFICERS, and DOES 1 to 4, inclusive, were willful, wanton,
7 malicious and oppressive. Accordingly, an award of exemplary and punitive damages as to
8 these Defendants is justified.

9 **FOURTH CAUSE OF ACTION**

10 **[Violation of the Disabled Persons Act, Cal. Civ. Code § 54;**
11 **Against All Defendants]**

12      81.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55
13 of this Complaint, as if set forth here in full.

14      82.    Plaintiff suffers from a disability within the meaning and scope of the CDPA,
15 Cal. Civ. Code § 54; Cal. Gov't Code §§ 12926 & 12926.1. Accordingly, Plaintiff is a
16 member of the class of persons protected by the CDPA, which makes it unlawful for a public
17 entity to discriminate against an individual with a disability.

18      83.    Plaintiff is informed and believes and based upon such information and belief
19 alleges Defendants McDONNELL, STROHMAN, and the RANKING OFFICERS knew the
20 location raided on June 19, 2012 was a medical marijuana collective and that under California
21 law only seriously ill or disabled patients or their authorized caregivers may be members of
22 medical marijuana collectives. Indeed, the Defendants targeted the COLLECTIVE solely
23 based on its status as a medical marijuana patient collective. Defendants McDONNELL,
24 STROHMAN, and the RANKING OFFICERS knew or should have known that the
25 individuals inside the COLLECTIVE at the time of the raid would include members of the
26 class of persons protected by the CDPA.

27      84.    Plaintiff is informed and believed and thereon alleges that Defendants
28 discriminated against Plaintiff because of his disability by, amongst other things, failing to

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

provide proper and reasonable training to LBPD officers, including but not limited to the POLICE OFFICER DEFENDANTS, regarding the manner in which to respond to people who are mentally or emotionally disabled and by failing to respond reasonably in dealing with people with disabilities who do not pose any serious threat to themselves or others. Defendants' acts and omissions, as alleged herein, were in violation of the CDPA, specifically Cal. Civ. Code §§ 54 and 54(c).   The CDPA imposes certain duties upon Defendants concerning discrimination against persons, such as Plaintiff, on the basis of their disability.  Indeed, the CDPA was intended to prevent the type of injury and damage set forth herein.  Plaintiff is a member of the class of persons intended to be protected by the CDPA.

85.    Because of Defendants' acts and omissions, Plaintiff has suffered actual damages including, but not limited to, medical expenses, attorneys' fees, mental counseling costs, costs of suit, and other pecuniary loss not presently known.

86.    Plaintiff also suffered and continues to suffer physical injuries, sickness and emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety, as a result of Defendants' acts.

## **FIFTH CAUSE OF ACTION**

### **[Violation of the Jesse Unruh Civil Rights Act, Cal. Civ. Code § 51(f); Against All Defendants]**

87.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55 of this Complaint, as if set forth here in full.

88.    Plaintiff suffers from a disability within the meaning and scope of Cal. Gov't Code §§ 12926 & 12926.1. Accordingly, Plaintiff is a member of the class of persons protected by section 51(f) of the Jesse Unruh Civil Rights Act, which makes it unlawful for a public entity to discriminate against an individual with a disability.

89.    Generally, the Jesse Unruh Civil Rights Act applies only to business establishments and is not applicable to governmental entities. However, section 51(f) of the Civil Code incorporates protections for rights provided for in Title II of 42 U.S.C. § 12101, *et seq.*  The California Supreme Court has held that the rights protected under section 51(f)

LAW OFFICE OF MATTHEW PAPPAS
22762 Aspan St., #202-107
Lake Forest, CA 92630 • (949) 382-1485

include those provided for in Title II of 42 U.S.C. s. 12101, *et seq.*    *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009).  Title II of 42 U.S.C. § 12101, *et seq.* does not apply to business establishments and can only apply to public entities. Accordingly, through section 51(f), the Jesse Unruh Civil Rights Act is applicable here.

90.    Plaintiff is informed and believes and based upon such information and belief alleges Defendants McDONNELL, STROHMAN, and the RANKING OFFICERS knew the location raided on June 19, 2012 was a medical marijuana collective and that under California law only seriously ill or disabled patients or their authorized caregivers may be members of medical marijuana collectives.  Indeed, the Defendants targeted the COLLECTIVE solely based on its status as a medical marijuana patient collective.  Defendants McDONNELL, STROHMAN, and the RANKING OFFICERS knew or should have known that the individuals inside the COLLECTIVE at the time of the raid would include members of the class of persons protected by UNRUH.

91.    Plaintiff is informed and believes and thereon alleges that Defendants discriminated against Plaintiff because of his disability by, amongst other things, failing to provide proper and reasonable training to LBPD officers, including but not limited to the POLICE OFFICER DEFENDANTS, regarding the manner in which to respond to people who are mentally or emotionally disabled and by failing to respond reasonably in dealing with people with disabilities who do not pose any serious threat to themselves or others. Defendants' acts and omissions, as alleged herein, were in violation of UNRUH, specifically Cal. Civ. Code § 51(f).

92.    Because of Defendants' acts and omissions, Plaintiff has suffered actual damages including, but not limited to, medical expenses, attorneys' fees, mental counseling costs, costs of suit, and other pecuniary loss not presently known.

93.    Plaintiff also suffered and continues to suffer physical injuries, sickness and emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety, as a result of Defendants' acts.

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

## SIXTH CAUSE OF ACTION

### [Violation of Cal. Civ. Code §§ 52.1; Against All Defendants]

94.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55 of this Complaint, as if set forth here in full.

95.     The Defendants' actions complained of herein, including the use of excessive force in violation of the Fourth and Fourteenth Amendments, racial discrimination in violation of the Fourth and Fourteenth Amendments, racial discrimination in violation of art. I, § 7 of the California Constitution, failure to afford Plaintiff due process, and inflicting cruel and unusual punishment in violation of state and federal constitutional provisions, denied, aided in the denial of and/or incited others to deny rights of and/or to discriminate against Plaintiff in contravention of Cal. Civ. Code § 52.1.

96.     Defendants interfered with Plaintiff's rights under state and federal law and under the state and federal constitutions, including, but not limited to, Plaintiff's rights to be free from excessive force and unlawful searches and seizure, and did so by means of threats, intimidation, and coercion.

97.     As a direct and legal result of the Defendants' acts, and each of them, Plaintiff has suffered damages, including, without limitation, loss of earnings and earnings capacity, medical expenses and future medical expenses, loss of enjoyment of life, pain and suffering and emotional distress.

98.     Plaintiff is informed and believes and thereon alleges that Defendants' acts, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff. Accordingly, an award of punitive and exemplary damages is justified.

## SEVENTH CAUSE OF ACTION

### [Battery; Against Officer Defendants]

99.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55 of this Complaint, as if set forth here in full.

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1        100.   Plaintiff asserts a claim of battery against these Defendants based upon their

2   unlawful touching of Plaintiff, which was in-part the direct and legal cause of the damage to

3   Plaintiff.

4        101.   As a direct and legal result of the acts and omissions of these Defendants,

5   and each of them, Plaintiff has suffered damages, including, without limitation, loss of

6   earnings and earnings capacity, loss of enjoyment of life, pain and suffering, emotional

7   distress, medical expenses, attorneys' fees, costs of suit, other pecuniary losses not yet

8   ascertained.

9        102.   Plaintiff is informed and believes and thereon alleges that the aforementioned

10  acts of these Defendants, and each of them, were willful, malicious, intentional, oppressive

11  and despicable and/or were done in willful and conscious disregard of the rights, welfare and

12  safety of Plaintiff.  Accordingly, an award of punitive and exemplary damages is justified.

### EIGHTH CAUSE OF ACTION

**[Negligence; Against Defendants in their Individual Capacities]**

15       103.   Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55

16  of this Complaint, as if set forth here in full.

17       104.   Plaintiff is informed and believes and thereon alleges that Defendants, and

18  each of them, owed a duty of care towards Plaintiff in which they were required to use

19  reasonable diligence to see that Plaintiff was not harmed by their acts or omissions.

20  Defendants all owed a duty of care to Plaintiff.  As alleged herein, each of these Defendants

21  breached that duty of care and as a result caused damages to Plaintiff.

22       105.   As alleged herein, Plaintiff is further informed and believes and thereon

23  alleges that defendants McDONNELL, PENNINO, STROHMAN, and/or DOES 1 to 4

24  negligently trained and supervised the POLICE OFFICER DEFENDANTS prior to and

25  during the June 19, 2012 incident complained of herein.

26       106.   As a direct and legal result of the negligent acts and omissions of Defendants,

27  and each of them, Plaintiff has suffered damages, including, without limitation, loss of

28

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST, #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

1  earnings and earnings capacity, loss of enjoyment of life, pain and suffering, emotional

2  distress, medical expenses and future medical expenses.

### NINTH CAUSE OF ACTION

**[Intentional Infliction of Emotional Distress;**
**Against Defendants in their Individual Capacities]**

6      107.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 55

7  of this Complaint, as if set forth here in full.

8      108.    Defendants' actions or omissions in these circumstances constituted extreme

9  and outrageous conduct. As a direct and legal result of Defendants' acts and omissions, and

10  each of them, as alleged herein, Plaintiff suffered severe emotional shock to his mental state

11  and nervous system.

12      109.    As a further direct and legal result of Defendants' acts and omissions, and

13  each of them, Plaintiff has suffered damages, including, without limitation, pain and

14  suffering, emotional distress, medical expenses, attorneys' fees, costs of suit, other pecuniary

15  losses not yet ascertained.

16      110.    Plaintiff is informed and believes and thereon alleges that Defendants' acts,

17  and each of them, were willful, malicious, intentional, oppressive and despicable and/or were

18  done in willful and conscious disregard of Plaintiff's rights, welfare and safety. Accordingly,

19  an award of punitive and exemplary damages is justified.

### PRAYER FOR RELIEF

21  Wherefore Plaintiff requests the following relief:

22      1.    The award of compensatory damages against all Defendants, jointly and

23  severally, in an amount according to proof at trial;

24      2.    For all medical expenses;

25      3.    For general damages;

26      4.    The award of punitive and exemplary damages against all Defendants sued in

27  their individual capacities in an amount to be proven at trial;

28

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

5.      The award of any and all other damages allowed by law according to proof to be determined at time of trial in this matter;

6.      The award of costs of suit and reasonable attorneys' fees pursuant to 42 U.S. §1988, California Civil Code § 51 pursuant to § 52.1(b), and/or California Code of Civil Procedure § 1021.5;

7.      An injunction requiring Defendants CITY, McDONNELL, and STROHMAN to take the necessary steps to prevent further acts of discrimination in violation of the CDPA against Plaintiff and other disabled persons who have been prescribed medical cannabis by a licensed California doctor; and

8.      The award of such other relief as the court deems just and proper.

DATED:  2-18-2013

MATTHEW PAPPAS (SBN: 171860)
Attorney for Plaintiff
22762 Aspan St., #202-107
Lake Forest, CA  92630
(949) 382-1485

LAW OFFICE OF MATTHEW PAPPAS
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630 • (949) 382-1485

# EXHIBIT 1



**EXHIBIT 1 (P. 1)**













**EXHIBIT 1 (P. 2)**

# EXHIBIT 2

Return to: CITY CLERK
333 West Ocean Blvd.
Long Beach, CA 90802

# CLAIM FOR DAMAGES
### AGAINST CITY OF LONG BEACH

RESERVE FOR FILING STAMP
FILE NO.

1. Claims for death, injury to person or to personal property must be filed not later than 6 months after date of occurrence. (Gov. Code Sec. 911.2)
2. Claims for damages to real property must be filed not later than 1 year after the occurrence. (Gov. Code Sec. 911.2)
3. Read entire claim for before filing.
4. Fill in each line completely.
5. Attach separate sheets, if necessary, to give full details.





| DORIAN BROOKS | 8/12/1983 | N/A |
|---|---|---|
| Name *of* Claimant (type or print) | Date of Birth | Driver License # |

C/O MATTHEW PAPPAS, 22641 LAKE FOREST DR., #B5-107, LAKE FOREST 92630 (SEE BELOW)

| | | |
|---|---|---|
| Home Address *of* Claimant | City, State, Zip Code | Telephone # |
| 22641 LAKE FOREST DRIVE, #B5-107 | LAKE FOREST, CA 92630 | 949-371-7881 |
| Business Address *of* Claimant | City, State, Zip Code | Telephone # |
| | | 949-371-7881 |

Give name and address to which notices or communications are to be sent regarding this claim:
LAW OFFICES OF MATTHEW PAPPAS AND DAVID WELCH, 22641 LAKE FOREST DRIVE, #B5-107, LAKE FOREST, CA 92630

| Date of incident: | | | Time of occurrence: | Exact location of occurrence: |
|---|---|---|---|---|
| JUNE | 19 | 2012 | 1:30 P.M. | 301 ATLANTIC AVE., LONG BEACH CALIFORNIA |
| (Month) | (Day) | (Year) | A M | |

License number and make of vehicle(s) involved (if applicable):

What happened?    ILLEGAL LBPD RAID UNDER COLOR OF INVALID CITY LAW (I.E. LBMC 5.89). EXCESSIVE FORCE BY POLICE OFFICERS. VIDEO AVAILABLE AT HTTP://WWW.YOUTUBE.COM/WATCH?v=AG942y1Cq64. OFFICERS CAUSED PHYSICAL INJURY TO MR. BROOKS DURING THE RAID, VIOLATED HIS CIVIL RIGHTS, VIOLATED THE CA. DISABLED PERSONS ACT (CIV. CODE S. 54(C)), AND ENGAGED IN CONDUCT THAT VIOLATED VARIOUS PROVISIONS OF THE STATE AND FEDERAL CONSTITUTIONS.

Were Police at scene? ☒ Yes  ☐ No

Why is City of Long Beach responsible? Give name of public employee involved, if known.
SEE ABOVE.

Give total amount of claim. (Include estimated amount of any prospective injury or damage):
IN EXCESS OF $1,000,000.00 (EST.)

How was amount of claim computed? (Be specific. List doctor bill, wage rate, repair estimates, etc.):
PLEASE ATTACH ESTIMATES.
BILLS HAVE NOT BEEN RECEIVED YET FOR MEDICAL TREATMENT AND MENTAL COUNSELING.

List names and addresses of witnesses; doctors and hospitals; insurance companies:
DALLAS ALEXANDER, LANDON ALEXANDER, EDWARD CHIA, JEANNINE CARTER, KATHERINE ALDRICH, UNKNOWN OTHERS (INVESTIGATION CONTINUING).

*Return ORIGINAL to City Clerk.*
*Keep a Copy for your File*
**CLAIMS MUST BE FILED with CITY CLERK**
(Cal. Gov. Code Sec. 915a)
(Claim may be mailed to Clerk)
NOTE: Presentation of a false claim is a felony
(Cal. Pen. Code Sec. 72)

I certify under penalty of perjury that the foregoing is true and correct.

(Signed) _____    7-5-12

IF MINOR (UNDER 18) PARENT OR GUARDIAN MUST SIGN FORM

**Signature of Claimant or person** filing on his behalf-giving relationship to Claimant.

LAKE FOREST, CA                    7-5-2012
CITY                                          DATE

# EXHIBIT 3



OFFICE OF THE CITY ATTORNEY
*Long Beach, California*

ROBERT E. SHANNON
*City Attorney*

MICHAEL J. MAIS
*Assistant City Attorney*

J. CHARLES PARKIN
*Assistant City Attorney*

February 7, 2013

*Dominic Holzhaus*
*Anne C. Lottime*
*Monte H. Machit*

*C. Geoffrey Allred*
*Gary J. Anderson*
*Richard F. Anthony*
*Kendra L. Carney*
*Christina L. Checel*
*Charles M. Gale*
*Barbara J. McTigue*
*Barry M. Meyers*
*Howard D. Russell*
*Tiffani L. Shin*
*Linda Trang*
*Amy R. Webber*
*Theodore B. Zinger*

Law Offices of Matthew Pappas and David
Welch
22641 Lake Forest Drive, #B5-107
Lake Forest, CA 92630

RE:   **Claimant:**    **Dorian Brooks**
      **Claim No.:**   **C13-0064**
      **Claim Date:**  **7/5/2012**

Dear Sirs:

This letter is to inform you that your claim, which you filed with the City of Long Beach, is rejected as of February 7, 2013. Based on our investigation of your claim, we have determined that neither the City nor any of its employees are liable to you for any alleged damages. Your claim was rejected on that basis, and no further action will be taken on this matter.

### STATE LAW REQUIRES THAT YOU BE
### GIVEN THE FOLLOWING WARNING

Subject to certain exceptions, you have only six *(6) months* from the date that this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code § 945.6.

This time limitation applies only to causes of action for which Government Code §§ 900 - 915.4 required you to present a claim. Other Causes of action, including those arising under federal law, may have different time limitations.

Sincerely,

ROBERT E. SHANNON, City Attorney

By:

CHRISTOPHER G. MORA
City Investigator

CGM: tls
L:\Apps\CtyLaw32\WPDocs\D007\P020\00371967.DOC

MATTHEW PAPPAS (SBN: 17      9)
22762 ASPAN ST., #202-107
LAKE FOREST, CA 92630
(949) 382-1485
FAX: (949) 242-2605

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN BROOKS, an individual,<br><br><br>PLAINTIFF(S)<br>v.<br>CITY OF LONG BEACH, a California municipal corporation; DAVID PAUL STROHMAN; JASON M. KIRK; KALID ABUHADWAN; FRANCISCO VASQUEZ; MARTIN RON; DONALD GREGORY MAUK; MICHAEL DOMENIC PENNINO; TIMOTHY MARK LONG; JERRY M. GIBBS; LEE DAVID DEBRABANDER; OSCAR ALBERTO VALENZUELA; JAMES McDONNELL; and DOES 1 to 10,<br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 13 - 00478 AG (JPRx)**<br><br><br>**SUMMONS** |

TO:      DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, MATTHEW PAPPAS _____, whose address is 22762 ASPAN ST., #202-107, LAKE FOREST, CA 92630 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __3|26|2013__

By: _Denise Vo_ DENISE VO

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>DORIAN BROOKS, an individual | DEFENDANTS    CITY OF LONG BEACH, a California municipal corporation;<br>DAVIDPAUL STROHMAN; JASON M. KIRK; KALID ABUHADWAN;<br>FRANCISCO VASQUEZ; MARTIN RON; DONALD GREGORY<br>MAUK; MICHAEL DOMENIC PENNINO; TIMOTHY MARK LONG;<br>JERRY M. GIBBS; LEE DAVID DEBRABANDER; OSCAR ALBERTO<br>VALENZUELA; JAMES McDONNELL; and DOES 1 to 10, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>MATTHEW PAPPAS, CHARLES SCHURTER, AND LEE DURST<br>22762 ASPAN ST., #202-107, LAKE FOREST, CA 92630 (949) 382-1485 | Attorneys (If Known)<br>ROBERT SHANNON, LONG BEACH CITY ATTORNEY<br>333 W OCEAN BLVD., 11TH FLOOR<br>LONG BEACH, CA 90802 |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S.<br>Government Not a Party) | | PTF | DEF | | PTF | DEF |
| | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in this State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship<br>of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original     ☐ 2 Removed from    ☐ 3 Remanded from    ☐ 4 Reinstated or    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-    ☐ 7 Appeal to District
     Proceeding        State Court           Appellate Court       Reopened                                                                     District        Judge from
                                                                                                                                               Litigation      Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT:** $ ACCORDING TO PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PROPERTY | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 370 Other Fraud | Vacate Sentence | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 371 Truth in Lending | Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 380 Other Personal | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | ☐ 385 Property Damage | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | Product Liability | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | ☐ 422 Appeal 28 USC | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | 158 | FORFEITURE / | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 | PENALTY | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | USC 157 | ☐ 610 Agriculture | Security Act |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & | PROPERTY RIGHTS |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 441 Voting | Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 442 Employment | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | ☐ 443 Housing/Acco- | Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | mmodations | Property 21 USC | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 444 Welfare | 881 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | ☐ 445 American with | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Disabilities - | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | REAL PROPERTY | Injury Product | Employment | ☐ 650 Airline Regs | (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | ☐ 446 American with | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | Disabilities - | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | Other | ☐ 690 Other | FEDERAL TAX SUITS |
| nation Under Equal | ☐ 240 Torts to Land | Application | ☐ 440 Other Civil | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | Rights | | or Defendant) |
| ☐ 950 Constitutionality of | ☐ 290 All Other Real Property | Alien Detainee | | | ☐ 871 IRS-Third Party 26 |
| State Statutes | | ☐ 465 Other Immigration | | | USC 7609 |
| | | Actions | | | |

(☑ 440 Other Civil Rights is checked)

**FOR OFFICE USE ONLY:**    Case Number:    **SACV 13 - 00478 AG (JPRx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): SACV 13-0002, GREEN EARTH ET AL. V. CITY OF LONG BEACH. ET AL.

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY, LOS ANGELES COUNTY | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date 3-25-2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |