EXEMPT FROM FILING FEES
Cal. Gov. Code § 6103

ROBERT E. SHANNON, City Attorney
HOWARD D. RUSSELL, Deputy City Attorney
State Bar Number 163595
333 West Ocean Boulevard, 11th Floor
Long Beach, California 90802-4664
Telephone:  (562) 570-2200
Facsimile:   (562) 436-1579
Email:  Howard.Russell@longbeach.gov

Attorneys for Defendant
    CITY OF LONG BEACH
    DAVID PAUL STROHMAN
    JASON M. KIRK
    KALID ABUHADWAN
    FRANCISCO VASQUEZ
    MARTIN PAUL
    DONALD GREGORY MAUK
    MICHAEL DOMINIC PENNINO
    TIMOTHY MARK LONG
    JOHN S. GIBBS
    LEE DAVID DEBRABANDER
    OSCAR ALBERTO VALENZUELA
    JAMES MCDONNELL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN BROOKS, an individual,<br><br>    Plaintiff,<br><br>Vs.<br><br>CITY OF LONG BEACH, a California municipal corporation; DAVID PAUL STROHMAN; JASON M. KIRK; KALID ABUHADWAN; FRANCISCO VASQUEZ; MARTIN RON; DONALD GREGORY MAUK; MICHAEL DOMENIC PENNINO; TIMOTHY MARK LONG; JERRY M. GIBBS; LEE DAVID DEBRABANDER; OSCAR ALBERTO VALENZUELA; JAMES McDONNELL; and DOES 1 to 10,<br><br>    Defendants. | Case No.:  SACV 13-00478 AG (JPRx)<br><br>Honorable Andrew J. Guilford, Judge Courtroom 10D, Santa Ana<br><br>**DEFENDANTS DAVID PAUL STROHMAN; JASON M. KIRK; KALID ABUHADWAN; FRANCISCO VASQUEZ; MARTIN PAUL; DONALD GREGORY MAUK; MICHAEL DOMINIC PENNINO; TIMOTHY MARK LONG; JERRY M. GIBBS**[1]**; LEE DAVID DEBRABANDER; OSCAR ALBERTO VALENZUELA; AND JAMES MCDONNELL'S ANSWER TO COMPLAINT; JURY DEMAND** |

---

[1] John S. Gibbs, erroneously sued as Jerry M. Gibbs

1

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

COME NOW, Defendants, DAVID PAUL STROHMAN; JASON M. KIRK; KALID ABUHADWAN; FRANCISCO VASQUEZ; MARTIN PAUL; DONALD GREGORY MAUK; MICHAEL DOMINIC PENNINO; TIMOTHY MARK LONG; JERRY M. GIBBS[2]; LEE DAVID DEBRABANDER; OSCAR ALBERTO VALENZUELA; and CHIEF OF POLICE JAMES MCDONNELL, answering Plaintiff's Complaint in the above-entitled action, for themselves alone and for no other defendants, admit deny, and allege as follows:

1. Answering the allegations contained in paragraphs 1 and 2, these answering defendant admit that the Court has jurisdiction, that venue is proper, and that the Court can exercise supplemental jurisdiction over state law claims. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

2. Answering the allegations contained in paragraph 3, these answering defendants generally and specifically deny each and every allegation contained in said paragraph. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

3. Answering the allegations contained in paragraphs 4-13, these answering defendants admit that the cited provisions speak for themselves. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

4. Answering the allegations contained in paragraph 14, these answering defendants lack sufficient information to admit or deny the allegations contained in said paragraph, and on that basis deny each and every allegation

---

[2] John S. Gibbs, erroneously sued as Jerry M. Gibbs

contained in said paragraph.

5. Answering the allegations contained in paragraph 15, these answering defendants admit that the City of Long Beach is a California municipal corporation and operates as a charter city.

6. Answering the allegations contained in paragraphs 16 and 18, these answering defendants admit that the named defendants are Long Beach Police officers.

7. Answering the allegations contained in paragraph 17, these answering defendants admit that Jim McDonnell is the Chief of the Long Beach Police Department, which is a department within the City of Long Beach. These answering defendants admit that the Police Chief is responsible for administration of the department, including supervising and training employees and implementing and maintaining use-of-force and arrest/detention policies and procedures. These answering defendants lack sufficient information to admit or deny the allegation that Jim McDonnell is responsible for "hiring," and specifically deny that Jim McDonnell hired the named, unserved defendants listed in said paragraph. These answering defendants generally and specifically deny that plaintiff has "damages," and that Jim McDonnell is responsible for said "damages." These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

8. Answering the allegations contained in paragraphs 19, 20, 24, 26, and 27, these answering defendants generally and specifically deny each and every allegation contained in said paragraphs. This answering defendant generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

9. Answering the allegations contained in paragraphs 21, 22, and 25, these answering defendants lack sufficient information to admit or deny the allegations and on that basis deny the allegations. These answering defendants

generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

10. Answering the allegations contained in paragraph 23, these answering defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraphs. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

11. Answering the allegations contained in paragraphs 28-33, these answering defendants admit that a claim was filed as the documents indicate, that no insufficiency letter was sent, and that federal causes of action are exempt from California Tort Claim Act filing requirements.

12. Answering the allegations contained in paragraph 35 (there is no paragraph 34), these answering defendants admit the allegations.

13. Answering the allegations contained in paragraphs 36 and 37, these answering defendants lacks sufficient information to admit or deny the allegations and on that basis deny.  These answering defendants admit that the cited case and Municipal Code section speak for themselves.  These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

14. Answering the allegations contained in paragraphs 38, 39, and 40, these answering defendants deny the allegations contained in said paragraphs. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

15. Answering the allegations contained in paragraphs 41, 42, and 43, these answering defendants lack sufficient information to admit or deny the allegations and on that basis deny. These answering defendants generally and

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

16. Answering the allegations contained in paragraph 44, these answering defendants admit that Long Beach Police officers served a search warrant at the "collective" at or about the time and date stated in the paragraph. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

17. Answering the allegations contained in paragraphs 45-57, these answering defendants lack sufficient information to admit or deny the allegations and on that basis deny. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

18. Answering the allegations contained in paragraphs 59-61, 63-73, 75-80, 82-86, 88-93, 95-98, 100-102, 104-106, and 108-110, these answering defendants generally and specifically deny the allegations contained in said paragraphs. These answering defendant lack sufficient information to admit or deny the allegations that plaintiff is "disabled," and deny on that basis. These answering defendants lack sufficient information as to the allegations concerning plaintiff's physical, mental, and emotional condition and damage thereto, and on that basis, deny each and every allegation concerning plaintiff's physical, mental, and emotional condition and damage thereto contained in said paragraphs. These answering defendants lack sufficient information as to the allegations regarding plaintiff's past and future lost earnings and wages, and on that basis, deny each and every allegation regarding those earnings and wages contained in said paragraphs. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

19. Answering the allegations contained in paragraphs 58, 62, 74, 81, 87, 94, 99, 103, and 107, these answering defendants restate the answers provided above for all allegations contained in paragraphs incorporated by reference in said paragraphs.

20. These answering defendants generally and specifically deny that plaintiff is entitled to any relief, including the relief request in his prayer. These answering defendants generally and specifically deny that plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, defendants allege each of the following:

### AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

21. Plaintiff's complaint, and each and every purported cause of action and/or claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be based.

### AS A SECOND, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

22. That at all times pertinent herein, all defendant officers were and/or are duly qualified and acting police officers and Chief of Police of the City of Long Beach and peace officers of the State of California;

That the defendant City of Long Beach police officers and Chief of Police were at all times mentioned herein engaged in the performance of their regularly-assigned duties in the employment of the City of Long Beach;

That the defendant City of Long Beach police officers and Chief of Police, at all times pertinent herein, acted in good faith and without malice.

### AS A THIRD, SEPARATE AND DISTINCT

DEFENSE, THESE DEFENDANTS ALLEGE:

23. That liability of a public entity is based on statute.

**AS A FOURTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:**

24. If any force was used upon the plaintiff, said force was reasonable and necessary, and said force was caused and necessitated by the act or acts of plaintiff, and/or was appropriate under the circumstances, and that any force that was used by the defendant City police officers and Chief of Police, was that which was reasonable and necessary to protect them and to prevent plaintiff from unlawfully harming or otherwise interfering with the lawful duties of said officers and chief of police.

**AS A FIFTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:**

25. That any injury or damage suffered by plaintiff herein was caused solely by reason of plaintiff's wrongful acts and conduct and/or the willful resistance to a peace officer in the discharge, and the attempt to discharge, the duty of his or her office, and not by reason of any unlawful acts or omissions of defendant's employees.

**AS A SIXTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:**

26. That the actions of defendants were in all respects reasonable, proper and legal.

**AS A SEVENTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:**

27. That plaintiff knew, or should have known, that he was being arrested, detained, investigated, or questioned by a peace officer, and had the duty to refrain from using force to resist such arrest, detention, investigation, or questioning.

### AS AN EIGHTH, SEPARATE AND DISTINCT
### DEFENSE, THESE DEFENDANTS ALLEGE:

28. That injuries to plaintiff, if any, were in no way caused by violation of any official policy, custom or practice of defendants.

### AS A NINTH, SEPARATE AND DISTINCT
### DEFENSE, THESE DEFENDANTS ALLEGE:

29. That at all times pertinent herein, there existed grounds, reasonable suspicion and/or probable cause to question, investigate, detain, search, and arrest plaintiff and plaintiff's property.

### AS A TENTH, SEPARATE AND DISTINCT
### DEFENSE, THESE DEFENDANTS ALLEGE:

30. That the actions of defendants were taken based upon exigent circumstances and the need to safeguard the general safety, health, and well-being of plaintiff and to prevent plaintiff from unlawfully harming or injuring himself or other persons.

### AS AN ELEVENTH, SEPARATE AND DISTINCT
### DEFENSE, THESE DEFENDANTS ALLEGE:

31. That at all times pertinent herein, defendants had reasonable cause to believe that a public offense was being committed in their presence or had been committed.

### AS A TWELFTH, SEPARATE AND DISTINCT
### DEFENSE, THESE DEFENDANTS ALLEGE:

32. That defendant City of Long Beach, as a public entity, is immune from liability under the doctrine of respondeat superior, including in conjunction with 42 U.S.C. Section 1983.

### AS A THIRTEENTH, SEPARATE AND DISTINCT
### DEFENSE, THESE DEFENDANTS ALLEGE:

33. That plaintiff herein was himself negligent, and that said

negligence contributed to her injuries and damages, if any. Recovery herein is therefore barred to the degree of that negligence.

### AS A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

34. That a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

### AS A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

35. That a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him or her pursuant to Government Code section 820.2.

### AS A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

36. That there is no liability for negligence, negligent hiring, training, retention or supervision.

### AS A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

37. That the City of Long Beach, as a public entity, is immune from liability for punitive damages.

### AS AN EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

38. That any and all events and happenings, injuries, loss, damage and expenditures referred to in plaintiff's complaint were directly and proximately caused and contributed to by the carelessness and negligence of third parties and the extent of damages, if any, should be reduced in proportion to the amount of negligence of the third parties.

///
///

## AS A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

39. That pursuant to Government Code sections 844.6, 845.6, 855.6, and 856.4, these defendants are not liable for any injuries or damages alleged in the complaint.

## AS A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

40. That pursuant to California Government Code Sections 815.2, 820.4, and 820.8, these defendants are City of Long Beach employees and are immune from liability for any act or acts alleged in plaintiff's complaint.

## AS A TWENTY-FIRST SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

41. At no time did defendants act in an outrageous manner, in a manner that was in reckless disregard of the consequences of such actions, or in a manner intended to cause plaintiff emotional distress.

## AS A TWENTY-SECOND, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

42. That each defendant City of Long Beach police officer and Police Chief is entitled to qualified immunity, and that as to any federal claims and theories of recovery, all answering defendants are protected from liability under the doctrine of qualified immunity because defendants' conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known.

## AS A TWENTY-THIRD, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

43. That a public employee is not liable for an injury caused by the act or omission of another person.

## AS A TWENTY-FOURTH, SEPARATE AND DISTINCT DEFENSE, THESE DEFENDANTS ALLEGE:

44. That defendants did not act with deliberate indifference towards plaintiff, discriminate against plaintiff, nor did defendants interfere - or attempt to interfere by threats, intimidation, violent acts, or coercion, with plaintiff's exercise or enjoyment of any right secured by the Constitution or laws of the United States or State of California.

## AS A TWENTY-FIFTH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

45. That each City of Long Beach police officer met or exceeded the standard of care and conduct required of like professionals in similar circumstances.

///
///

## AS A TWENTY-SIXTH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

46. That pursuant to Government Code section 820, the liability of a public employee is subject to any defenses that would be available to the public employee if he were a private person.

## AS A TWENTY-SEVENTH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

47. That the actions of defendant was appropriate given the circumstances and the need to safeguard the general safety, health, and well-being of plaintiff and others and to prevent plaintiff from unlawfully harming or injuring himself, other persons, or City employees.

## AS A TWENTY-EIGHTH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

48. That defendants are immune from liability pursuant to California Government Code Section 818.8, 820.2, 818.2, 818.4, 821.6 and 822.2.

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

### AS A TWENTY-NINTH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

49. That at all times relevant to this litigation, plaintiff engaged in provocative acts, conduct and/or words such that the conduct of answering defendants relating to plaintiff was reasonable, necessary and of a consequential nature under the circumstances.

### AS A THIRTIETH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

50. That defendants owed no duty to plaintiff under the facts and circumstances of this case.

### AS A THIRTY-FIRST, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

51. That there is no liability and that plaintiff is barred from recovery under the principles set forth in *Monell v. Department of Social Services* and its progeny.

///

### AS A THIRTY-SECOND, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

52. That for any state cause of action, plaintiff has failed to comply with Government Code Sections 910, 911.2, and 945.6 and is therefore barred from recovery herein.

### AS A THIRTY-THIRD, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

53. That the plaintiff's claims are barred by the Statute of Limitations.

///
///
///

## AS A THIRTY-FOURTH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

54. That any named individuals in plaintiff's action other than Chief of Jim McDonnell did not possess final policy-making powers so as to impose liability on defendant CITY OF LONG BEACH, a public entity.

## AS A THIRTY-FIFTH, SEPARATE AND DISTINCT DEFENSE, THE DEFENDANTS ALLEGE:

55. That the Long Beach Police officers acted pursuant to a warrant, and in good faith reliance on the warrant and in good faith belief in and reliance on the legal justifications – including case decisions and legislative action – upon which the warrant was obtained.

///

DATED: June 5, 2013      ROBERT E. SHANNON, City Attorney

By:    /s/ Howard D. Russell
        HOWARD D. RUSSELL
        Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH
DAVID PAUL STROHMAN
JASON M. KIRK
KALID ABUHADWAN
FRANCISCO VASQUEZ
MARTIN PAUL
DONALD GREGORY MAUK
MICHAEL DOMINIC PENNINO
TIMOTHY MARK LONG
JOHN S. GIBBS
LEE DAVID DEBRABANDER
OSCAR ALBERT VALENZUELA
JAMES MCDONNELL

DEFENDANT CITY OF LONG BEACH'S ANSWER TO COMPLAINT; JURY DEMAND

## JURY DEMAND

Defendant hereby demands a trial by jury.

///

DATED: June 5, 2013

Respectfully submitted,

ROBERT E. SHANNON, City Attorney

By: /s/ Howard D. Russell

HOWARD D. RUSSELL,
Deputy City Attorney

Attorneys for Defendants
CITY OF LONG BEACH
DAVID PAUL STROHMAN
JASON M. KIRK
KALID ABUHADWAN
FRANCISCO VASQUEZ
MARTIN PAUL
DONALD GREGORY MAUK
MICHAEL DOMINIC PENNINO
TIMOTHY MARK LONG
JOHN S. GIBBS
LEE DAVID DEBRABANDER
OSCAR ALBERTO VALENZUELA
JAMES MCDONNELL

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

DEFENDANT CITY OF LONG BEACH'S ANSWER TO COMPLAINT; JURY DEMAND