EXEMPT FROM FILING FEES
Cal. Gov. Code § 6103

1  ROBERT E. SHANNON, City Attorney
   HOWARD D. RUSSELL, Deputy City Attorney
2  State Bar Number 163595
   333 West Ocean Boulevard, 11th Floor
3  Long Beach, California 90802-4664
   Telephone: (562) 570-2200
4  Facsimile: (562) 436-1579
   Email: Howard.Russell@longbeach.gov
5  *Attorneys for Defendants,* CITY OF LONG BEACH, et al.

6  CHARLES SCHURTER, Esq. (SBN 174261)
   MATTHEW PAPPAS, Esq. (SBN 171860)
7  22762 Aspan Street, Suite 202-107
   Lake Forest, California 92630
8  Telephone: (949) 382-1485
   Facsimile: (714) 242-2605
9  Email: cjschurter@gmail.com
   Email: matt.pappas@mattpappaslaw.com
10

11 LEE H. DURST, Esq. (SBN 69704)
   THE DURST FIRM
12 220 Newport Ctr. Dr., Suite 11285
   Newport Beach, California 92660
13 Telephone: (949) 400-5068
   Facsimile: (714) 242-2096
14 Email: lee.durst@gmail.com

15 Attorneys for Plaintiff, DORIAN BROOKS

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18

19 | DORIAN BROOKS, an individual, | Case No.: SACV 13-00478 AG (JPRx)
20 |                  Plaintiff,    | Honorable Andrew J. Guilford, Judge
21 |         Vs.                    | Courtroom 10D, Santa Ana
22 | CITY OF LONG BEACH, a California | **JOINT SCHEDULING**
   | municipal corporation; DAVID PAUL | **CONFERENCE REPORT**
23 | STROHMAN; JASON M. KIRK; KALID |
   | ABUHADWAN; FRANCISCO |
24 | VASQUEZ; MARTIN RON; DONALD |
   | GREGORY MAUK; MICHAEL | **Scheduling Conference:**
25 | DOMENIC PENNINO; TIMOTHY | **Date:** June 24, 2013
   | MARK LONG; JERRY M. GIBBS; LEE | **Time:** 9:00 a.m.
26 | DAVID DEBRABANDER; OSCAR | **Place: Courtroom 10D, Santa Ana**
   | ALBERTO VALENZUELA; JAMES |
27 | McDONNELL; and DOES 1 to 10, |
28 |                  Defendants.   |

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

1

Counsel for Plaintiff and Defendants, having conferred regarding the matters required to be addressed by FRCP Rule 26 and this Court's Order Setting Scheduling Conference and jointly submit the following Report:

**a. Statement of the Case:   (Short Synopsis of the Case)**

**a. Plaintiffs' Contentions:**

This is a lawsuit by Dorian Brooks who was a volunteer at a Medical Marijuana dispensary. The Defendants came in to the property, placed Mr. Brooks on the floor, stepped on his back and neck causing severe personal injuries to him. Plaintiff is suiting the Defendants for:

1. Violation of 42 USC 1983 – Excessive Force;
2. Violation of 42 USC 1981 – Racial Discrimination;
3. California Civil Code § 54 ( c ) – failure of the City of Long Beach to train and supervise;
4. California Civil Code § 52 ( 5 ) – DISABLED PERSON'S ACT
5. California Civil Code § 52.(a) JESSE UNRUH CIVIL RIGHTS ACT
6. California Civil Code § 54.1
7. BATTERY;
8. NEGLIGENCE;
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**Defendants' description:**

On June 19, 2012, Long Beach Police officers executed a search warrant for 301 Atlantic Avenue, Long Beach, California; officers intended to search the location for evidence of drug sales. 301 Atlantic Avenue was a marijuana dispensary.

Plaintiff, Dorian Brooks, was a volunteer working at the dispensary. During officers' search, they encountered Brooks. Brooks claims that he was injured, and that his rights were violated, during the encounter.

1  Defendants deny liability, and contend that the officers' actions were lawful,
2  reasonable, and justified.
3
4  **Key Legal Issues:**
5  **Plaintiff's Contentions:**
6  Plaintiff contends that when he was slammed to the ground, walked on by a
7  police officer who made a racial slur this was excessive force, done by a
8  bigot, who has a gun and badge and believes that he can do anything to any
9  black person he wants to harm. The facts of this case show numerous
10 violations of Plaintiff's civil rights.
11
12 **Defendants' description:**
13 1.   Did the officers act reasonably?
14 2.   Was any force used reasonable?
15 3.   Are the officers entitled to Qualified Immunity?
16
17   b. **Subject matter jurisdiction:**
18      28 USC §1343. Federal question, 42 USC §1983. Supplemental
19 jurisdiction 28 USC §1367.
20      (Plaintiff's Subject Matter Jurisdiction):
21      1. Violation of 42 USC 1983 – Excessive Force;
22      2. Violation of 42 USC 1981 – Racial Discrimination;
23
24   c. **Parties, evidence, etc:**
25 Dorian Brooks, Plaintiff
   City of Long Beach, Defendant
26 Officer David Paul Strohman, Defendant, Long Beach Police Department
27 Officer Jason M. Kirk, Defendant, Long Beach Police Department
   Officer Kalid Abuhadwan, Defendant, Long Beach Police Department
28 Officer Francisco Vasquez, Defendant, Long Beach Police Department
   Officer Martin Ron, Defendant, Long Beach Police Department

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

      Officer Donald Gregory Mauk, Defendant, Long Beach Police Department
      Officer Michael Domenic Pennino, Defendant, Long Beach Police Department
      Officer Timothy Mark Long, Defendant, Long Beach Police Department
      Officer Jerry M. Gibbs, Defendant, Long Beach Police Department
      Officer Lee David Debrabander, Defendant, Long Beach Police Department
      Officer Oscar Alberto Valenzuela, Defendant, Long Beach Police Department
      Chief of Police, James McDonnell, Defendant, Long Beach Police Department

**D. Parties, Evidence, etc. (by Plaintiff)**

Plaintiff, the City of Long Beach, and police officers from the City of Long Beach. Plaintiff's evidence will include a video-tape of the incident in question and witness testimony about the incident and medical testimony about the injuries to the Plaintiff. Plaintiff's witnesses:

1. Dallas Alexander;
2. Landon Alexander;
3. Fernando Garcia; and
4. Mario Sanchez.

Te parties will exchange the information required by Fed. R. Civ. P. 26(a(1) within 14 days' of the scheduling conference. Interrogatories, requests for production of documents, requests for admission, depositions of the parties and third party witnesses, and subpoenas for documents in the possession of third parties. Normal limitations under the Federal and local rules are appropriate.

The parties shall simultaneously and mutually exchange their respective disclosures of expert testimony required by Rule 26(a)(2) of the Federal Rules of Civil Procedure 90 days before the trial date. Any party who makes such disclosure shall have the right, within 20 days after said date, to submit a supplement expert witness disclosure designating any experts who will express an opinion on a subject to be covered by an expert designated by an adverse party, if the party supplementing its initial disclosure has not previously retained an expert to testify on that subject. Said supplemental disclosure shall include all of the information

1 required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. This recitation is
2 intended to simply reflect the Call of Rule 26 regarding expert disclosures and
3 discovery and to the extent the description deviates from that, Rule 26 will govern.
4 Each party shall have the right to request documents and take depositions of any
5 expert witness designated by another party.

**Medical and Damages Witnesses**:

D. **Damages**:

The exact amount of damages has not been determined, but they will cover: lost income, loss of future income, medical expenses, future medical treatment, general and special damages allowed by law and pursuant to California Civil Code § 52.1, punitive damages, injunctive relief and any other damages that the court deems proper.

E. **Insurance**:

**Plaintiff** – None.

The City of Long Beach is self-insured to certain limits, and has excess coverage.

f. **Motions**:

Plaintiff may seek summary judgments against certain parties.

Depending on discovery results, Plaintiff and Defendants anticipate moving for summary adjudication for some of the factually undisputed issues.

Defendants anticipate moving for Summary Judgment, including qualified immunity.

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

**g. Manual for Complex Litigation:**

Not Applicable

**h. Status of Discovery:**

Plaintiff – It has been agreed to hold discovery until the case is at issue.

Defendants will make their Initial Disclosures on June 19, 2013. Plaintiff will make his Initial Disclosures on or before the date of the Scheduling Conference. No discovery has been completed as of this writing.

**i. Discovery Plan:**

**Plaintiff**

Plaintiff will use the statutory scheme for discovery.

Discovery cutoff – this will be set at the time the case is at-issue.

Expert discovery – this will be set at the time the case is at-issue.

Plaintiff anticipates depositions of the individual Defendants, percipient witnesses, related LBPD officials, and retained experts, if any. The defense anticipates depositions of Plaintiff, percipient witnesses, and retained experts, if any. It is difficult at this early stage to identify all deponents; however, the parties contemplate using interrogatories, inspection demands and request for admissions in advance of the depositions.

The parties do not recommend discovery in phases or other limitations.

**j. Discovery Cut-off:**

In accordance with the appended Timetable, e.g., Schedule of Trial and Pretrial Dates- Exhibit "A," the parties propose February 14, 2014 for the

completion of all discovery including experts.

**k. Expert Discovery**:

Initial Rule 26 reports, if any, to be exchanged on or before June 28, 2013. Rebuttal designations, if any, to be exchanged on or before January 15, 2014. Designated expert depositions to be completed on or before February 14, 2014.

**l. Dispositive Motions**:

a. **Plaintiff** will seek a motion for summary judgment on the issue of

1. Violation of 42 USC 1983 – Excessive Force;
2. Violation of 42 USC 1981 – Racial Discrimination;
3. California Civil Code § 54 ( c ) – failure of the City of Long Beach to train and supervise;
4. California Civil Code § 52 ( 5 ) – DISABLED PERSON'S ACT
5. California Civil Code § 52.(a) JESSE UNRUH CIVIL RIGHTS ACT
6. California Civil Code § 54.1
7. BATTERY;
8. NEGLIGENCE
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**Defendants:**

Each side may move for summary adjudication, if there are factually undisputed legal issues at the close of discovery. Defendants anticipate moving for Summary Judgment including, qualified immunity. The parties seek a motion hearing cut-off date of March 11, 2014.

**m. Settlement**:

Plaintiff: Initial discussions have not started.

The parties have agreed to a settlement officer from the U. S. District Magistrate Judge Panel (choice 1) under LR 16-15. There have been no settlement discussions to date. The parties request that the final date to complete settlement conferences is March 25, 2014.

**n. Trial Estimate**:

This is to be a jury trial. Plaintiff estimates 5-7 court days; Defendants estimate 4 court days. Proposed date to be set by the court.

The parties ask the trial date be set for Tuesday, June 17, 2014, and the Final Pretrial Conference on June 2, 2014.

**o. Trial Counsel**:

For Plaintiff: Lee H. Durst, Esq., THE DURST FIRM, 220 Newport Center Drive, Ste. 11285, Newport Beach, California 92660

For Defendants: Howard D. Russell, Deputy City Attorney

**p. Independent Expert or Master**:

Not requested by the parties.

**q. Timetable**:

**Plaintiff**: **None requested by the Plaintiff.**

**Defendants**: Attached.

**r. Other Issues:**

Plaintiff: No other issues.

**Defendants:**

Defendants anticipate seeking bifurcation of *Monell*, and punitive damages (assuming this has been properly pled).

**Plaintiff:** Magistrate Judge – for discovery and settlement conferences.

/ / /

DATED: June 18, 2013

Respectfully submitted,

ROBERT E. SHANNON, City Attorney

By: /s/ *Howard D. Russell*

HOWARD D. RUSSELL,
Deputy City Attorney

Attorneys for Defendants,
CITY OF LONG BEACH
DAVID PAUL STROHMAN
JASON M. KIRK
KALID ABUHADWAN
FRANCISCO VASQUEZ
MARTIN RON
DONALD GREGORY MAUK
MICHAEL DOMENIC PENNINO
TIMOTHY MARK LONG
JERRY M. GIBBS
LEE DAVID DEBRABANDER
OSCAR ALBERTO VALENZUELA
JAMES McDONNELL

DATED: June 21, 2013

THE DURST FIRM

BY:  /s/ Lee H. Durst

Lee H. Durst

Attorneys for the Plaintiff

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: BROOKS v. V. CITY OF LONG BEACH, et al.

Case No. SACV13-00478 AG (JPRx)

| | Time | Weeks before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (JURY) (length *4 days*) (Tuesday) | 8:30 a.m. | | | June 17, 2014 | |
| For Court Trial<br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine | 9:00 a.m | 4 | | June 2, 2014 | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc;<br>File Oppositions to Motions in Limine | | 6 | | May 6, 2014 | |
| For Jury Trial<br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5,6;<br>File Status Report Regarding Settlement,<br>File Motions in Limine | | 7 | | Apr. 29, 2014 | |
| Last date to conduct Settlement Conf.,LR16-15 | | 12 | | Mar. 25, 2014 | |
| Last day for **hearing** motions, LR 7 | | 14 | | Mar. 11, 2014 | |
| Non-expert Discovery Cut-off | | | | Dec. 1, 2013 | |
| Expert Disclosure (initial) | | | | Dec. 15, 2013 | |
| Expert Disclosure (rebuttal) | | | | Jan. 15, 2014 | |
| Expert Discovery Cut-off | | | | Feb. 14, 2014 | |
| Last Date to Amend Pleadings or Add Parties | | | | Oct. 31, 2013 | |

LR 16-15 Settlement Choice: √☐ 1. USMJ        ☐ 3. Outside ADR

2. Attorney Settlement Panel    Exhibit A

JOINT SCHEDULING CONFERENCE REPORT